**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| **CALEB CLARK**<br>Post Office Box 279<br>Solomons, Maryland 20688<br><br>　　　　**Plaintiff,**<br><br>　　**v.**<br><br>**KOENIG PRIVATE FOUNDATION, INC.**<br>**d/b/a ANNMARIE SCULPTURE GARDEN**<br>**& ARTS CENTER,**<br>13480 Dowell Road, Dowell, Maryland 20629<br><br>Suite 1400<br>3110 Fairview Park Drive<br>Falls Church, Virginia 22042,<br>(Corporate Office)<br><br>**SERVE:  The Corporation Trust, Inc.**<br>351 West Camden Street<br>Baltimore, Maryland 21201,<br><br>　　　　**Defendant.** | **Case No: _____**<br><br>**Jury Trial Requested** |

<u>**CIVIL COMPLAINT**</u>

**NOW COMES** Plaintiff, Caleb Clark, by and through his undersigned counsel, and,

pursuant to Fed. R. Civ. P. 8 and 10, files this civil complaint for damages set forth as follows:

**JURISDICTION AND VENUE**

1.　　This Complaint is authorized and instituted pursuant to the Fair Labor Standards Act of

1938, 29 U.S.C. §§ 201-219, and,  as this Complaint asserts claims arising under the laws of the

United States, this Court has original jurisdiction over those claims.  Further, Plaintiff has

alleged statutory claims arising under state law, including the State of Maryland Wage Payment

and Collection Law, Md. Code Ann. Labor and Employment Art. §§ 3-501 – 509 and the State

of Maryland Wage and Hour Law, §§ 3-401 – 431, and since those claims are factually inter-related with Plaintiff's claims arising under federal law, this Court should assert its pendent jurisdiction over such claims.

2.      Venue is proper in this judicial district as the claims alleged in this Complaint occurred within this judicial district and division and Defendant, doing business as Annmarie Sculpture Garden & Arts Center ("ASGAC"), maintains its principal place of business within this judicial district and division.

## PARTIES

3.      At all times relevant to this Complaint, Plaintiff was employed by Defendant, until his resignation in June, 2013.  Plaintiff is a United States citizen and a resident of the State of Maryland.  At all times relevant to this Complaint, Plaintiff was an "employee" of Defendant within the meaning of § 3(e) of the FLSA, 29 U.S.C. § 203(e), as well as the Maryland Wage Payment and Collection Law, and the Maryland Wage and Hour Law.

4.      Defendant is a private foundation, organized under the laws of the Commonwealth of Virginia and is registered to conduct foreign business in the State of Maryland.  It owns and operates ASGAC, located at 13480 Dowell Road, Dowell, Maryland 20629.  At all times, Defendant was an "employer" within the meaning of § 3(d) of the FLSA, 29 U.S.C. § 203(d), the Maryland Wage Payment and Collection Law, Md. Code Ann. Labor and Employment Art. § 3-501(b) and the Maryland Wage and Hour Law, Md. Code Ann. Labor and Employment Art. § 3-402(b).  Defendant is not and never has been a public agency.as defined by § 3(x) of the FLSA, 29 U.S.C. § 203(x).

## STATEMENT OF FACTS

5.      In 2004, Plaintiff began his employment with ASGAC as a Caretaker.

6.      He resigned that employment on or about June 24, 2013.

7.      During his tenure as Caretaker, Plaintiff was employed full-time, on an hourly basis.  At the time of his resignation, Plaintiff's regular rate of pay was $24.33 per hour.

8.      At all times, Plaintiff was a non-exempt employee within the meaning of the FLSA.

9.      As Caretaker, Plaintiff regularly worked in excess of forty hours in a workweek.

10.     Certain of those hours in excess of forty hours in a workweek were compensated at his regular rate.  At no time during his employment was Plaintiff compensated at one and one-half times his regular hourly rate for any hours worked in excess of 40 hours in a workweek.

11.      During his tenure as Caretaker, Plaintiff worked a substantial number of hours in excess of forty in a workweek that were accumulated and recorded by Defendant as "compensatory time." Such hours were accumulated hour for hour for time worked in excess of forty in a workweek, not at the rate of one and one-half hour for every hour over forty in a workweek that was accumulated as compensatory time.

12.     During the last three years of Plaintiff's employment with Defendant, Plaintiff accumulated a substantial number of hours that he worked in excess of forty in a workweek and for which he was not compensated at one and one-half times his regular rate of pay as required by § 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1).  As of March 18, 2013, Defendant's records reflected that Plaintiff had accumulated 744.79 hours of uncompensated compensatory time.

13.  Upon Plaintiff's resignation, Defendant issued him a final paycheck, dated July 12, 2013.  In that paycheck, Defendant paid Plaintiff for 242 hours of compensatory time, at the straight time hourly rate of $24.33, not at one and one-half times his regular rate, or at the rate of $36.50 an hour.  Plaintiff was owed the additional sum of $2,945.14 for those 242 hours of compensatory time paid by Defendant, reflecting the half-time rate of $12.17 (.50 x $24.33).

3

14.     In that paycheck, Defendant also failed to compensate Plaintiff for 502.79 hours of "compensatory time" for which Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay.  Plaintiff was entitled to be compensated at the rate of $36.50 for those 502.79 hours, or the sum of $18,351.84.

15.     At all times relevant to this Complaint, Defendant was aware of its obligations under the FLSA and that it was not a public agency as defined in that statute.

## COUNT I

### UNPAID OVERTIME COMPENSATION
### IN VIOLATION OF § 7 OF THE FLSA, 29 U.S.C. § 207

16.     Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in ¶¶ 1 through 15 of this Complaint as though they are fully set forth herein, and makes them part hereof and, furthermore, states as follows.

17.     At all times relevant to this Complaint, Plaintiff was a non-exempt employee of Defendant and regularly worked hours in excess of 40 in a workweek.

18.     Defendant failed to compensate Plaintiff for 502.79 hours of overtime and, as to 242 hours that were compensated in his final paycheck, Plaintiff was not paid the additional half-time to which he was entitled.

19.     Pursuant to § 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), Plaintiff is entitled to $21,296.68 in unpaid overtime compensation.

20.     Defendant's failure to pay Plaintiff his unpaid overtime is in violation of § 7 of the FLSA, 29 U.S.C. § 207, entitling Plaintiff to relief pursuant to § 16(b) of the FLSA, 29 U.S.C. § 217(b).

21.     Plaintiff is entitled, pursuant to § 16 of the FLSA to an additional sum of $21,296.68 in liquidated damages.  29 U.S.C. § 217(b).

22.      Defendant's violation of the FLSA was willful.

23.      Plaintiff is entitled to recover his reasonable attorney's fees and costs associated with this action.  29 U.S.C. § 217(b).

### COUNT II

### UNPAID OVERTIME COMPENSATION
### IN VIOLATION OF THE MARYLAND WAGE AND HOUR LAW

24.      Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in ¶¶ 1 through 23 of this Complaint as though they are fully set forth herein, and makes them part hereof and, furthermore, states as follows.

25.      At all times relevant to this Complaint, Plaintiff was a non-exempt employee of Defendant and regularly worked hours in excess of 40 in a workweek.

26.      Defendant failed to compensate Plaintiff for 502.79 hours of overtime and, as to 242 hours that were compensated in his final paycheck, Plaintiff was not paid the additional half-time to which he was entitled.

27.      Pursuant to the Maryland Wage and Hour Law, Md. Code Ann. Labor and Employment Art. §§ 3-415(a) and 3-420(a), Plaintiff is entitled to $21,296.68 in unpaid overtime compensation.

28.      Defendant's failure to pay Plaintiff his unpaid overtime is in violation of Maryland Wage and Hour Law, entitling Plaintiff to relief pursuant to Md. Code Ann. Labor and Employment Art. § 3-427(a) and (d).

29.      Plaintiff is entitled to recover his reasonable attorney's fees and costs associated with this action.  Md. Code Ann. Labor and Employment Art. § 3-427(d).

## COUNT III

## UNPAID WAGES
## IN VIOLATION OF THE MARYLAND WAGE PAYMENT AND COLLECTION LAW

30.     Plaintiff repeats, re-alleges and incorporates by reference each and every factual allegation contained in ¶¶ 1 through 29 of this Complaint as though they are fully set forth herein, and makes them part hereof and, furthermore, states as follows.

31.     At all times relevant to this Complaint, Plaintiff was entitled to overtime compensation as a non-exempt employee of Defendant who regularly worked hours in excess of 40 in a workweek.

32.     Defendant failed to compensate Plaintiff for 502.79 hours of overtime and, as to 242 hours that were compensated in his final paycheck, Plaintiff was not paid the additional half-time to which he was entitled.

33.     Pursuant to § 7(a)(1) of the FLSA, 29 U.S.C. § 207(a)(1), the Maryland Wage and Hour Law, Md. Code Ann. Labor and Employment Art. §§ 3-415(a) and 3-420(a) and the Maryland Wage Payment and Collection Law, Md. Code Ann. Labor and Employment Art. § 3-501(c)(2)(iv), Plaintiff is entitled to $21,296.68 in unpaid overtime compensation.

34.     Upon the termination of Plaintiff's employment, Defendant failed to pay the sum described in ¶ 33, above.

35.     Defendant's failure to pay Plaintiff his unpaid overtime is in violation of the Maryland Wage Payment and Collection Law, Labor and Employment Art. § 3-501(c)(2)(iv), entitling Plaintiff to relief pursuant to § 507.2 of that Law, Md. Code Ann. Labor and Employment Art. § 3-507.2.

36.     The sums owed Plaintiff for his uncompensated overtime are not being withheld pursuant to a bona fide dispute, entitling Plaintiff to the recovery of an additional sum of $42,593.36 as

treble damages for Defendant's unjustified failure to pay Plaintiff the overtime compensation that is due, as well as the payment of his reasonable counsel fees and costs.  Md. Code Ann. Labor and Employment Art. 3-507.2(b).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant in the sum of Sixty Three Thousand Eight Hundred Ninety Dollars and Four Cents ($63,890.04) in actual, liquidated  and treble damages, plus interest, costs and attorney fees.  In addition, Plaintiff requests that the Court enter such other relief as it deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL.**

DATED:  January 6, 2014.

Respectfully submitted,


_____/S/_____
Nathaniel D. Johnson (MD # 14729)
Attorney for Plaintiff
10665 Stanhaven Place, Suite 3101
White Plains, Maryland  20695
(301) 645-9103